UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARDELL PITTS,

        Petitioner,

                        CASE NO. 2:09-CV-11263
v.                                          HONORABLE DENISE PAGE HOOD

MICHIGAN ATTORNEY GENERAL,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE
THE PETITION FOR WRIT OF HABEAS CORPUS**

**I.    INTRODUCTION**

      This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Ardell Pitts, a state prisoner confined at Camp Kitwin in Painesdale, Michigan, asserts that he is being held in violation of his constitutional rights. Petitioner was convicted of delivering/manufacturing less than 50 grams of cocaine, carrying a concealed weapon, and possession of a firearm during the commission of felony following a jury trial in the Wayne County Circuit Court in 2008 and is serving a two-year sentence. Petitioner admits that he has not appealed his convictions in the state courts. In the present petition, he raises claims concerning the effectiveness of defense counsel, the presentation of false testimony, the failure to request a continuance to obtain a witness, and the admission of evidence. For the reasons stated herein, the Court concludes that Petitioner has not exhausted his state court remedies and dismisses without prejudice the petition for writ of habeas corpus.

**II.     ANALYSIS**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. He admits that he has not pursued a direct appeal of his convictions in the Michigan courts and states that he has no other petitions or motions concerning his convictions pending in state or federal court. Petitioner has thus failed to exhaust his habeas claims in the Michigan courts before proceeding in this Court on federal habeas review.

Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and then pursue his unexhausted issues in the state appellate courts as necessary. Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). If this Court were to review

Petitioner's unexhausted claims, such an action would deny the state courts the deference to which they are entitled. The state courts must first be given a full and fair opportunity to rule upon all of Petitioner's claims before he litigates those claims in this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner has not exhausted his state court remedies as to any of the claims contained in his petition. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus. The Court makes no determination as to the merits of Petitioner's claims.

**IT IS SO ORDERED.**

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Dated: May 27, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 27, 2009, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager